SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5109 PA (JWJx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Hinds Inv., L.P., et al v. Cooper Indus., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

   Before the Court is a Notice of Removal filed by defendant Cooper Industries, LLC ("Removing Defendant") on August 5, 2008. Removing Defendant asserts that this Court has exclusive jurisdiction over this action pursuant to 42 U.S.C. § 9613(b).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see also Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

   A defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1446(a). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). Remand is mandatory if a case is removed in an untimely manner. Schmitt v. Ins. Co. of N. Am., 845 F.2d 1546, 1551 (9th Cir. 1988). In cases with multiple defendants, "[t]he majority of courts have held that the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint—the 'first-served' rule." McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000); see also United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5109 PA (JWJx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Hinds Inv., L.P., et al v. Cooper Indus., Inc., et al. | | |

    Here, defendants McGregor Supply Co. and Joe McGregor apparently were served with the Complaint on or about late May or early June, 2008. (Declaration of Kristin R. Reyna, p. 2, ¶ 6.) The Notice of Removal was not filed until August 5, 2008, well after the expiration of the thirty-day removal period. Accordingly, the Removing Defendants' Notice of Removal was not timely filed. The Court hereby remands this action to Los Angeles Superior Court, case number VC051048. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.